United States v. McGee

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand thirteen.

PRESENT: DENNY CHIN,
  RAYMOND J. LOHIER, JR.,
    Circuit Judges,
  JOHN F. KEENAN,
    District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
            Appellee,

        -v-                                      10-5145

DARIUS McGEE, AKA D, AKA D SMOOTH,
            Defendant-Appellant,

LUT MUHAMMAD, AKA LUKE MUHAMMED, AKA LUT
BILLIE, AKA LUT MOHAMMAD, CARIBE BILLIE,
CHRISTOPHER HORTON, SAMUEL LEE, AKA SLICK,
EDGAR LEE POWELL, AKA E LEE, AKA EG, KEVIN
SIMS, AKA GHOST, CLAYTON BENJAMIN, AKA
COMPTON, TERRENCE SPANN, AKA BOAST,
            Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

\*\* The Clerk of the Court is directed to amend the official caption to conform to the above. Although this appeal was previously consolidated with the appeals of McGee's co-defendants (Docket Nos. 10-2865 and 10-4109), those appeals were dismissed in a prior order. Only McGee's appeal remains pending.

FOR APPELLEE:                    JONATHAN S. FREIMANN, Assistant
                                 United States Attorney (Robert M.
                                 Spector, Assistant United States
                                 Attorney, on the brief), for
                                 Deirdre Daly, Acting United States
                                 Attorney for the District of
                                 Connecticut, Hartford,
                                 Connecticut, and New Haven,
                                 Connecticut.

FOR DEFENDANT-APPELLANT:         ROBERT J. SULLIVAN, JR., Law
                                 Offices of Robert Sullivan,
                                 Westport, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Arterton, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence of the district court is **VACATED** and the case is **REMANDED** for re-sentencing.

Defendant-appellant Darius McGee appeals from the district court's December 17, 2010 judgment, entered after he pled guilty to one count of conspiracy to possess with intent to distribute and to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. Because the district court concluded that the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, did not apply retroactively to conduct committed before the FSA was enacted, McGee was sentenced to the ten-year mandatory minimum required by the version of 21 U.S.C. § 841(b)(1)(B) in effect in 2009, when McGee committed the offense. We assume the parties'

familiarity with the facts, procedural history, and issues on appeal.

In light of Dorsey v. United States, 132 S. Ct. 2321 (2012), the district court erred by not sentencing McGee in accordance with the FSA. See Dorsey, 132 S. Ct. at 2335. The government argues that we should nonetheless affirm for two reasons. First, the government argues that McGee waived his right to appeal in the plea agreement. Because the government previously stipulated to a remand for a full re-sentencing and acknowledged our ability to hear the appeal and remand, we deem the government to have waived this argument.

Second, the government argues that the sentencing error was harmless because McGee's crime actually involved more than twenty-eight grams of cocaine base, which would subject him to the same ten-year statutory minimum under the revised version of section 841(b)(1)(B). But if the drug quantity will trigger the enhanced penalties in that section, that quantity must be charged in the indictment. See United States v. Thomas, 274 F.3d 655, 660 (2d Cir. 2001) (en banc). Here, the grand jury charged McGee with a crime involving only five grams or more of cocaine base. After reviewing the record, we are not convinced that the government's evidence in this case was so "overwhelming that the grand jury would have found" that McGee's crime involved at least twenty-eight grams. United States v.

Confredo, 528 F.3d 143, 156 (2d Cir. 2008).  The facts and circumstances in this case are distinguishable from those in Confredo and United States v. Cotton, 535 U.S. 625 (2002). Accordingly, we are not convinced the error here was harmless.

We have considered the government's remaining arguments and find them to be without merit.  Accordingly, we **VACATE** and **REMAND** for re-sentencing in accordance with 21 U.S.C. § 841(b)(1)(C).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk